IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

ANNA GRUNER,

      Plaintiff,

v.

CASE NO.: CA21-1282

MARIOTTI'S LAUNDRY & DRY CLEANERS, INC.,
a Florida Profit Corporation,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR A JURY TRIAL

Plaintiff, ANNA GRUNER ("Ms. Gruner" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, MARIOTTI'S LAUNDRY & DRY CLEANERS, INC. ("Defendant"), a Florida Profit Corporation, and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

2. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in St. Johns County, Florida.

3. The illegal conduct complained of and the resultant injury occurred, within the judicial district in and for St. Johns County, Florida, therefore, Venue is proper in this Court.

### PARTIES AND FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident of St. Johns County, Florida.

5. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation and continues to be engaged in business in St. Johns County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

9. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA and the FWA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendant was primarily engaged in the provision of among others, dry cleaner services in, among other places, St. Johns County, Florida.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as landscaping equipment, tools, uniforms and supplies, but which had come to rest within its location in St. Johns County, Florida.

15. At all times material hereto, the work performed by Plaintiff was directly essential

to the business performed by Defendant.

16. At all times material hereto, Defendant employed ten (10) or more persons.

## STATEMENT OF FACTS

17. Ms. Gruner worked for ML as a Clerk from September 24, 2018, until her unlawful and retaliatory termination on November 14, 2019.

18. Throughout her time working for ML, ML routinely reduced the hours actually worked by Ms. Gruner in ML's timekeeping system.

19. Ms. Gruner objected to this wage theft on several occasions during her tenure with ML.

20. On November 7, 2019, Ms. Gruner lodged her objections regarding the illegal pay practices to a manager, Jesse Frezza, in writing, as well as over the telephone.

21. Specifically, Ms. Gruner objected to ML that its actions violated the FLSA as well as Fla. Stat. § 772.11.

22. Incredibly, within a week, on November 14, 2019, ML informed Ms. Gruner that it had decided to terminate her employment.

23. Defendant failed to pay Plaintiff full and proper compensation for all hours worked per week during the relevant limitations period.

24. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

25. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of wages under the FLSA and Florida law.

26. There is an extremely close temporal proximity/nexus between Plaintiff asserting

her objections to Defendant's illegal pay practices, and her termination shortly thereafter.

27. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

28. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress.

29. As to her FWA Claims, Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Gruner as a whistleblower under the law.

30. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

32. Plaintiff reincorporates and re-alleges Paragraphs 1 through 15, 17 through 28, and 31 of the Complaint as though set forth fully herein, and further alleges as follows:

33. Plaintiff objected to Defendant's illegal pay practices to which she was subjected by Defendant, and asserted violations of the FLSA.

34. Shortly thereafter, Defendant illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

35. Plaintiff was terminated for no other reason than her objections to Defendant's

4

illegal pay practices.

36. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

37. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

38. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in her favor and against Defendant for her actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT II**</u>
<u>**FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION**</u>

39. Plaintiff reincorporates and re-alleges Paragraphs 1 through 5, 8, 9, and 16 through 31 of the Complaint as if set forth fully herein, and further alleges as follows:

40. On November 14, 2019, Defendant illegally terminated Plaintiff from her employment in violation of Fla. Stat. § 448.102(3).

41. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

42. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

43. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of November, 2021.

Respectfully submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*